**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NANCY BRADSHAW-LOVE,

                Petitioner,

v.                                                            Case Number: 09-CV-13053
                                                                 Honorable Arthur J. Tarnow

MILLICENT WARREN,

                Respondent.

_____/

## **ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE**

Petitioner Nancy Bradshaw-Love filed a motion for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner, who is currently incarcerated at the Huron Valley Correctional Facility in Ypsilanti, Michigan, challenges her convictions of conspiracy to commit assault with intent to do great bodily harm less than murder and escape while awaiting trial for a felony. Petitioner filed a Motion to Stay Habeas Proceedings on September 21, 2010, as all of her claims are not exhausted in state court. The Court shall grant the Petitioner's motion, hold the present petition in abeyance, and administratively close the matter.

**I.**

Following a jury trial in Ogemaw County Circuit Court, Petitioner was convicted on December 14, 2006 of conspiracy to commit assault with intent to do great bodily harm less than murder (MICH. COMP. LAWS §750.157a(a) and MICH. COMP. LAWS §750.84) and escape while awaiting trial for a felony (MICH. COMP. LAWS §750.197(2)). Petitioner was tried jointly with co-defendant Harold Priddy before a single jury. On January 16, 2007, Petitioner was sentenced as

a fourth habitual felony offender to concurrent terms of 12 - 30 years' imprisonment on the conspiracy conviction, with 10 - 15 years' imprisonment for the escape conviction.

Following conviction and sentencing, Petitioner filed an appeal of right in the Michigan Court of Appeals, raising seven claims. Petitioner filed a motion to remand for a *Ginther* (see *People v. Ginther*, 390 Mich. 436 (1973)) hearing on her ineffective assistance of counsel claims, which was denied by the Michigan Court of Appeals on October 26, 2007. On July 22, 2008, The Michigan Court of Appeals affirmed Petitioner's convictions, while "vacat[ing] the trial court's order that Petitioner reimburse the county for attorney fees and remand[ing] for reconsideration so that the trial court may assess her ability to pay." *People v. Priddy*, No. 276399, 2008 WL 2812118, at *1 (Mich.App. July 22, 2008). Petitioner filed a motion for reconsideration with the Michigan Court of Appeals, which was denied on September 9, 2008. Petitioner's subsequent application for leave to appeal in the Michigan Supreme Court was denied on January 27, 2009, because the Court was not persuaded that the questions presented should be reviewed. *People v. Bradshaw-Love*, 483 Mich. 882; 759 N.W.2d 383.

Petitioner filed the pending *pro per* petition for a writ of habeas corpus on August 3, 2009 pursuant to 28 U.S.C. §2254.[1] On September 21, 2010, Petitioner filed a Motion to Stay Habeas Proceedings, mainly on the basis that her issues have not been exhausted in state court.

**II.**

---

[1]Although not titled as such, Petitioner's Motion for an Evidentiary Hearing was accepted by the Court for filing and docketed as a Petition for a Writ of Habeas Corpus because 1) the 28 U.S.C. §2254 Standard of Review was referenced; and 2) the 28 U.S.C. §1914 habeas filing fee was paid.

Petitioner's Motion to Stay Habeas Proceedings will allow her to exhaust in state court any and all claims she may have stemming from the convictions noted above. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. §2254(b)(1). If outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, a federal court may stay the federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). Because Petitioner's petition has been pending since August, 2009, the Court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition.

Petitioner alleges that her unexhausted claims were not presented in state court because her trial counsel was ineffective and because she has found new Constitutional issues which were not addressed by ineffective counsel. Thus, the Court finds that Petitioner has asserted good cause for failing previously to present these claims in state court. In addition, the Court finds that her claims are not "plainly meritless." *See Rhines*, 544 U.S. at 277.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). Petitioner must present her claims in state court within sixty days from the date of this Order. *See id.* Further, she must ask this Court

3

to lift the stay within sixty days of exhausting her state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

**III.**

Accordingly, it is **ORDERED** that Petitioner's Motion to Stay Habeas Proceedings is **GRANTED** and further proceedings in this matter are stayed. Petitioner shall file a motion to lift the stay and an amended petition in this Court within **SIXTY DAYS** after the conclusion of the state court proceedings.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

                                          S/Arthur J. Tarnow
                                          Arthur J. Tarnow
                                          Senior United States District Judge

Dated: October 12, 2010

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on October 12, 2010, by electronic and/or ordinary mail.

                                          S/Catherine A. Pickles
                                          Judicial Secretary